```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
RASHEEN WILSON,

                Plaintiff,

    -against-                         MEMORANDUM & ORDER
                                          15-CV-4283(JS)(GRB)

WALMART STORES, INC.,

                Defendant.
```
----------------------------------X
```
APPEARANCES
For Plaintiff:     Rasheen Wilson, pro se
                    812 North Gate Drive
                    Uniondale, NY 11553

For Defendant:     Rachel Anne Seaton, Esq.
                    Littler Mendelson, PC
                    One Newark Center, 8th Floor
                    Newark, NJ 07102

SEYBERT, District Judge:

        Pending before the Court are: (1) a motion for a default judgment filed by pro se plaintiff Rasheen Wilson ("Plaintiff"), (Docket Entry 16) (2) a motion to vacate filed by defendant Walmart Store, Inc. ("Defendant") (Docket Entry 18), (3) Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion and grant Defendant's motion (Docket Entry 24, and (4) Plaintiff's Objections to Judge Brown's R&R (Docket Entry 26). For the following reasons, the Court overrules Plaintiff's Objections and adopts Judge Brown's R&R in its entirety.

BACKGROUND

Plaintiff commenced this action on July 15, 2015, alleging that Defendant discriminated against him on the basis of race and national origin in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (See generally Compl.) On August 6, 2015, the Court granted Plaintiff's in forma pauperis application and ordered the United States Marshal Service to serve Defendant with the Complaint. (Docket Entry 5.) That same day, summonses were issued to two different addresses: (1) "Walmart Stores, Inc. c/o Littler Mendelson, PC, Scott A. Forman, Shareholder, 333 SE 2nd Avenue, #2700, Miami, FL 33131" ("Littler Mendelson Address"), and (2) "Walmart Stores, Inc., 2465 Hempstead Turnpike, East Meadow, NY 11554" ("Retail Store Address"). (Docket Entry 6.)

On September 9, 2015, a process server personally delivered the Summons and Complaint to "Shera, Store Manager" at the Retail Store Address. (Summons, Docket Entry 11.) Defendant represents in its motion that the individual in question, Shera Blanding, was employed as an "Assistant Manager" at Defendant's retail branch. (Def's Br., Docket Entry 16, at 2.)

A copy of the executed Summons was filed by the Clerk of the Court on September 15, 2015, and the Clerk noted on the Docket "answer due 9/30/2015." (See Summons.) When the Defendant did not file an Answer by September 30, 2015, Plaintiff requested a

certificate of default, which was issued on October 6, 2015. (Docket Entry 13.) Defendant's counsel subsequently appeared two days later and filed its motion to vacate. (Docket Entries 14, 16.) Plaintiff then filed his motion seeking a default judgment on October 15, 2015. (Docket Entry 18.)

On October 19, 2015, the undersigned referred the parties' motions to Judge Brown for an R&R on whether the motions should be granted, (Docket Entry 20), and Judge Brown issued his R&R on August 22, 2016, (Docket Entry 22). Judge Brown recommends in his R&R that the Court grant Defendant's motion to vacate and deny Plaintiff's motion for a default. (R&R at 11.) Judge Brown specifically found that: (1) personal delivery of the Summons and Complaint to Shera Blanding was insufficient service of process under New York law, and (2) the three factors Courts consider before relieving a party from default--willfulness, the existence of a meritorious defense, and prejudice--all weigh favor of allowing this case to proceed to discovery. (R&R at 7-11.)

Plaintiff filed Objections to Judge Brown's R&R on August 29, 2016. (Docket Entry 26.) In his Objections, Plaintiff argues--without citing to any support--that Defendant was properly served with process, and that Walmart's attorney was aware of the September 30, 2015 deadline to file its Answer yet neglected to abide by it. (Objections at 1-2.)

DISCUSSION

I.  Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only

4

for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Objections

Plaintiff argues that the Court should grant his motion for a default judgment because Defendant was properly served with process and Walmart's attorney was aware of the September 30, 2015, yet neglected to file an Answer. (Objections at 1-2.) However, Plaintiff's conclusory argument does not address Judge Brown's finding that delivering the Summons and Complaint to Shera Blanding, an assistant store manager, was not proper service of process under New York law. Nor does Plaintiff offer any support for his conclusory argument. In fact, the vast majority of Plaintiff's Objections address the merits of his discrimination claim, which only highlights that the Court should allow the case to be decided on the merits.

Having reviewed Judge Brown's R&R, the Court finds it to be comprehensive, well-reasoned, and free from clear error.

5

Therefore, Judge Brown's R&R R&R is adopted in its entirety.

CONCLUSION

For the foregoing reasons, Judge Brown's R&R (Docket Entry 24) is ADOPTED in its entirety, Plaintiff's Objections (Docket Entry 26) are OVERRULED, Plaintiff's motion seeking a default judgment (Docket Entry 18) is DENIED, and Defendant's motion to vacate (Docket Entry 16) is GRANTED.

Since Defendant already filed an Answer on October 21, 2015, (Docket Entry 21), the parties are directed to consult Judge Brown's Individual Motion Practices to schedule a discovery conference.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __23__, 2016
       Central Islip, New York